UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS CAGNEY,  §<br>　　Plaintiff,　　　　　§<br>vs.　　　　　　　　　　§　　CIVIL ACTION NO. 3:21-cv-00206-M<br>　　　　　　　　　　　　§<br>TRANSGROUP DFW, LLC,　§<br>　　Defendant.　　　　　§ | |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant TransGroup DFW, LLC filing its Amended Answer and Affirmative Defenses in response to Plaintiff Thomas Cagney's Original Petition (Doc. 1-7, PageID 14-27).

### I.
### ANSWER

Defendant neither agrees with nor admits to any of the paragraph headings or sub-titles in Plaintiff's Original Petition, but merely restates them here with corresponding paragraph numbers for ease of reference.

**What This Action Is About**

Defendant denies the allegations in the paragraph entitled "What This Action is About."

**Identification Information Required by TCPR § 30.014.**

1. Defendant admits the last three digits of Plaintiff's social security number are 603. Defendant does have information regarding Plaintiff's Texas Driver's License number and therefore denies this allegation.

2. Defendant admits it does not have a Texas Driver's License or social security number. As stated in its Verified Plea, Defendant denies that it is a corporation; it is a Limited Liability Company.

## [Alleged] Monetary Category

3. The allegations in Paragraph 3 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies Plaintiff is entitled to any monetary relief and damages.

4. The allegations in Paragraph 4 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies Plaintiff is entitled to any monetary relief and damages.

## Discovery Control Plan

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Original Petition. Defendant admits the Court's Scheduling Order (Doc. 7) controls this civil action.

## The Parties

6. Upon information and belief, the allegations in Paragraph 6 of Plaintiff's Original Petition are admitted.

7. Defendant denies the first sentence in Paragraph 7 of Plaintiff's Original Petition. As stated in its Verified Plea, Defendant denies that it is a corporation; it is a Limited Liability Company qualified to do business in the State of Texas. Defendant has previously been served and has answered this lawsuit.

## Jurisdiction and Venue

8. Defendant admits that jurisdiction and venue in this Court is proper. Defendant admits that it does business in Dallas, Dallas County, Texas and elsewhere. Defendant denies that it caused any injury or damages to Plaintiff, including but not limited to the loss of use of money. Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Original Petition.

9. Defendant denies the allegations in Paragraph 9 of the Plaintiff's Original Petition.

## Facts

10. Defendant denies all allegations in Paragraph 10 of Plaintiff's Original Petition as stated.

11. Defendant denies all allegations in Paragraph 11 of Plaintiff's Original Petition as stated.

12. Defendant admits it hired and negotiated employment agreements with certain former Aerostar employees and admits those employment agreements are the best evidence of their content.[1] Defendant denies all remaining allegations in Paragraph 12 of Plaintiff's Original Petition as stated.

13. Defendant denies all allegations in Paragraph 13 of Plaintiff's Original Petition as stated.

## Plaintiff's [Alleged] Detrimental Reliance

14. Defendant admits it employed Plaintiff, but denies it entered into an employment agreement with Plaintiff. Defendant denies all remaining allegations in Paragraph 14 of Plaintiff's Original Petition.

15. Defendant admits Plaintiff worked for Defendant from February 2, 2020 through November 6, 2020. Defendant admits Plaintiff was terminated from employment on November 6, 2020, due to the economic impact of COVID-19. Defendant denies all remaining allegations in Paragraph 15 of Plaintiff's Original Petition.

## Cause of Action: [Alleged] Breach of Contract (Employment)

---

[1] These documents were produced to Plaintiff's counsel with Defendant's Initial Disclosures.

16. The allegations in Paragraph 16 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

17. Defendant admits while there were discussions about potential agreements, with counsel for Plaintiff sending proposals, etc., those discussions failed to result in a binding contract for Plaintiff. Plaintiff and Defendant never entered into a valid and enforceable employment agreement. Defendant denies all remaining allegations in Paragraph 17 of Plaintiff's Original Petition.

18. Defendant denies all allegations in Paragraph 18 of Plaintiff's Original Petition.

19. Defendant denies all allegations in Paragraph 19 of Plaintiff's Original Petition.

20. Defendant admits Plaintiff worked for Defendant from February 2, 2020 through November 6, 2020. Defendant denies all remaining allegations in Paragraph 20 of Plaintiff's Original Petition.

21. Defendant admits that Plaintiff has retained counsel. Defendant denies Plaintiff is entitled to recover any damages, including attorney's fees, under the statute identified or any other statute or law. Defendant denies any remaining allegations in Paragraph 21 of Plaintiff's Original Petition.

### Cause of Action: [Alleged] Fraud and/or Fraudulent Inducement

22. The allegations in Paragraph 22 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

23. Defendant denies all allegations in Paragraph 23 of Plaintiff's Original Petition.

24. Defendant denies all of the alleged acts or omissions. Defendant denies all allegations in Paragraph 24 of Plaintiff's Original Petition.

25. Defendant denies all of the allegations in Paragraph 25 of Plaintiff's Original Petition.

### Cause of Action: [Alleged] Misrepresentation

26. The allegations in Paragraph 26 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

27. Defendant denies all of the allegations in Paragraph 27 of Plaintiff's Original Petition as stated.

28. Defendant denies all of the allegations in Paragraph 28 of Plaintiff's Original Petition.

29. Defendant denies all of the allegations in Paragraph 29 of Plaintiff's Original Petition.

30. Defendant denies all of the allegations in Paragraph 30 of Plaintiff's Original Petition.

31. Defendant denies all of the allegations in Paragraph 31 of Plaintiff's Original Petition.

32. Defendant denies all of the allegations in Paragraph 32 of Plaintiff's Original Petition.

33. Defendant denies all of the allegations in Paragraph 33 of Plaintiff's Original Petition.

34. Defendant denies all of the allegations in Paragraph 34 of Plaintiff's Original Petition.

35. Defendant denies all of the alleged acts or omissions. Defendant denies all of the remaining allegations in Paragraph 35 of Plaintiff's Original Petition.

36. Defendant denies all of the allegations in Paragraph 36 of Plaintiff's Original Petition.

### Cause of Action: [Alleged] Money Had and Received

37. The allegations in Paragraph 37 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

38. Defendant denies all of the allegations in Paragraph 38 of Plaintiff's Original Petition.

39. Defendant denies all of the allegations in Paragraph 39 of Plaintiff's Original Petition.

### Cause of Action: [Alleged] Promissory Estoppel

40. The allegations in Paragraph 40 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

41. Defendant denies all of the allegations in Paragraph 41 of Plaintiff's Original Petition as stated.

42. Defendant denies all of the allegations in Paragraph 42 of Plaintiff's Original Petition.

43. Defendant denies all of the allegations in Paragraph 43 of Plaintiff's Original Petition.

**Cause of Action: [Alleged] Promissory Estoppel and Detrimental Reliance**

44. The allegations in Paragraph 44 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

45. Defendant denies all of the allegations in Paragraph 45 of Plaintiff's Original Petition as stated.

46. Defendant denies all of the allegations in Paragraph 46 of Plaintiff's Original Petition.

62.[2] Defendant denies all of the allegations in Paragraph 62 of Plaintiff's Original Petition.

**Cause of Action: [Alleged] Quantum Meruit**

63. The allegations in Paragraph 63 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

64. Defendant admits it employed Plaintiff. Defendant denies all remaining allegations in Paragraph 64 of Plaintiff's Original Petition as stated.

65. Defendant admits Plaintiff worked for Defendant. Defendant denies all remaining allegations in Paragraph 65 of Plaintiff's Original Petition as stated.

66. Defendant admits it employed Plaintiff. Defendant denies all remaining allegations in Paragraph 66 of Plaintiff's Original Petition as stated.

---

[2] There are no Paragraphs 47 – 61 in Plaintiff's Original Petition.

67. Defendant admits it employed and paid Plaintiff. Defendant denies all remaining allegations in Paragraph 67 of Plaintiff's Original Petition as stated.

68. Defendant admits it employed and paid Plaintiff. Defendant denies all remaining allegations in Paragraph 68 of Plaintiff's Original Petition.

### Cause of Action: [Alleged] Unjust Enrichment

69. The allegations in Paragraph 69 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies the allegations and incorporates by reference all of the responses herein.

70. Defendant admits it employed and paid Plaintiff. Defendant denies all remaining allegations in Paragraph 70 of Plaintiff's Original Petition.

71. Defendant admits it employed and paid Plaintiff. Defendant denies all remaining allegations in Paragraph 71 of Plaintiff's Original Petition.

72. Defendant denies all allegations in Paragraph 72 of Plaintiff's Original Petition.

### Miscellaneous

73. Defendant denies that all conditions precedent have been met, performed, occurred and/or waived. The remaining allegations in Paragraph 73 of Plaintiff's Original Petition do not require a response. To the extent an answer is required, Defendant denies all allegations in Paragraph 73 of Plaintiff's Original Petition.

### Damages for Mental Anguish

74. Defendant denies all allegations in Paragraph 74 of Plaintiff's Original Petition.

### Jury Demand

75. Paragraph 75 of Plaintiff's Original Petition requires no response from Defendant; to the extent a response is deemed required, Defendant denies the allegation.

## Prayer

76. The Prayer of Plaintiff's Original Petition requires no response from Defendant; to the extent a response is required, Defendant denies that Plaintiff is entitled to any damages, fees, costs, interest, order, or other relief as pled therein.

## II.
## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Original Petition, without shifting the burden of proof on any issue for which Plaintiff bears the burden, Defendant pleads the following additional and/or affirmative defenses. To the extent any of the defenses and/or legal theories herein may be interpreted as being inconsistent, they are pleaded in the alternative.

1. Plaintiff's Original Petition fails to state a claim upon which relief may be granted.

2. Plaintiff does not have an Employment Agreement with Defendant. Further, Plaintiff has never had an agreement or term of employment with Defendant. At all times, Plaintiff was an employee at will of Defendant. Any terms of employment were unilateral until performed.

3. In the alternative, Defendant revoked any offer for agreement or term of employment with Plaintiff before his acceptance. And, Plaintiff's counter proposals served as rejection of any and all offers made by Defendant. Further, Defendant did not approve Plaintiff's proposals and terminated Plaintiff before acceptance. Plaintiff and Defendant never entered into a valid and enforceable employment agreement.

4. Defendant affirmatively pleads the defense of statute of frauds. Tex. Bus. & Com. Code Section 26.01. Any alleged contract, promise, or agreement which cannot be performed within one year from the date of making the agreement is not enforceable unless the promise or agreement is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. Throughout Plaintiff's Original Petition, Plaintiff

alleges he has, or was promised, a "multi-year" and "three-year" agreement. There is no such agreement in writing that is signed by Defendant.

5. Defendant pleads the defense of payment. Defendant has paid all amounts due and owing to Plaintiff for his employment with Defendant.

6. In the alternative, Defendant affirmative pleads Plaintiff failed to earn and provide any added benefit to Defendant for any alleged additional monies not paid to him.

7. Defendant is not liable to Plaintiff because Plaintiff's own acts, omissions, or negligence proximately caused or contributed to Plaintiff's damages, if any. While there were discussions about potential agreements, with counsel for Plaintiff sending proposals, those discussions failed to result in a binding contract for Plaintiff.

8. In the alternative, should the court find a contract did exist, Defendant is not liable to Plaintiff because Plaintiff materially breached his obligations to Defendant including but not limited to failing to perform his employment duties and failing to perform at the level he represented, thereby discharging Defendant's obligations.

9. In the alternative, Defendant is not liable to Plaintiff because Plaintiff provided no consideration for an agreement beyond his employment. The agreement is illusory. Plaintiff did not perform his employment duties past termination to be eligible for post-termination compensation or payment.

10. In the alternative, Defendant is not liable to Plaintiff because of the failure and lack of consideration related to Plaintiff's services. Plaintiff did not perform his employment duties at the level he represented and did not perform his employment duties past termination to be eligible for post-termination compensation or payment.

11. Plaintiff cannot recover on his claims because conditions precedent have not been fulfilled including, but not limited to, formal approval of an employment agreement and performance.

12. Defendant asserts the defenses of waiver and estoppel based upon Plaintiff's inaction, counter-offers and proposals, and continued at will employment with Defendant. Plaintiff and Defendant never entered into a valid and enforceable employment agreement.

13. In the alternative, Defendant asserts the defense of laches due to Plaintiff's delay and lack of diligence. Plaintiff and Defendant never entered into a valid and enforceable employment agreement.

14. Plaintiff's recovery is barred by the doctrine of unclean hands. Plaintiff did not perform his employment duties at the level he represented. Upon information and belief, Plaintiff also made or caused others to act, omit, or make representations against Defendant's business interests.

15. Defendant pleads impossibility and impracticability of performance due to COVID-19, which could not have been anticipated.

16. Defendant is not liable to Plaintiff for the amount of damages claimed to the extent Plaintiff has not mitigated his alleged damages including employment, consulting, and mental anguish.

17. Defendant is not liable to Plaintiff for the amount of damages claimed to the extend Defendant is entitled to offset, including for employment and unemployment benefits Plaintiff received post-termination.

18. Defendant pleads the defenses of ambiguity and/or fraud in response to Plaintiff's breach of contract claim, if any. Plaintiff and Defendant never entered into a valid and enforceable

employment agreement. Thus, any alleged contractual terms are ambiguous to the extent Plaintiff claims a contract is formed. Further, Plaintiff did not perform his employment duties at the level he represented and upon information and belief, Plaintiff also made or caused others to act, omit, or make representations against Defendant's business interests.

19. Plaintiff does not have standing to assert claims or allegations related to the ownership and sale of Aerostar. Plaintiff did not individually own Aerostar and did not have the ability to individually sell Aerostar.

20. Defendant specifically denies any allegations of intentional and knowing conduct or other conduct that may form the legal basis for entitlement to compensatory or punitive damages as alleged by Plaintiff. Defendant further denies that any act and/or omission alleged by Plaintiff amount to knowing, willful, malicious and/or reckless conduct.

21. Defendant asserts and invokes the defense of comparative responsibility and asks the trier of fact to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the injuries and damages about which Plaintiff complains.

### III.
### PRAYER

Wherefore, premises considered, Defendant respectfully asks this Court to dismiss Plaintiff's lawsuit in full with prejudice, that costs be assessed against Plaintiff, and that Defendant be granted all relief to which it is entitled, including, but not limited to, an award of attorney's fees and costs incurred in the defense of this action.

Respectfully submitted,

THE MYERS LAW GROUP

By: */s/ Angella H. Myers*
**Angella H. Myers**
Texas State Bar No. 24027229
amyers@myerslawllp.com
**Tammy L. Neil** (formerly Clary)
Texas State Bar No. 24001894
tclary@myerslawllp.com
8144 Walnut Hill Lane
Suite 390
Dallas, Texas 75231
Telephone:  (972) 781-2400
Facsimile:   (972) 781-2401

**ATTORNEYS FOR TRANSGROUP DFW, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021 the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, and further certify that a copy of the foregoing was served upon all counsel by Notice of Electronic Filing.

*/s/Angella H. Myers*
Angella H. Myers